IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
<u>Norfolk Division</u>

| | |
|---|---|
| JTH TAX, INC. d/b/a LIBERTY TAX SERVICE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BAHADUR ALI RASHID, and ) <br> TAXES, ETC., INC., ) <br> ) <br> Defendants. ) | Civil Action No. 2:07-cv-452 |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Defendants Bahadur Ali Rashid ("Rashid") and Taxes, Etc., Inc. ("Taxes Etc."), by counsel, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia, herein state the reasons and authorities for their motion to dismiss the Complaint of plaintiff, JTH Tax, Inc. d/b/a Liberty Tax Service ("Liberty"), for lack of subject matter jurisdiction. In support thereof, Defendants state as follows:

**<u>BACKGROUND</u>**

Liberty instituted this action for breach of a franchise agreement. Liberty seeks to recover royalties it claims were lost when Rashid and Taxes Etc. allegedly diverted customers from their franchise locations to another tax preparation company. Liberty's claim for damages is based only on a breach of contract theory, for alleged deprivation of franchise royalties due to alleged diversion of customers a business operating as "Eagle Star Income Tax."

Liberty bases its claim of subject matter jurisdiction on diversity of citizenship. This jurisdictional basis fails due to an insufficient amount in controversy. The Complaint simply states that the dispute at issue satisfies the diversity jurisdiction requirement and that the amount in controversy exceeds $75,000. (Complaint at ¶ 6.) Liberty offers no facts to support its

jurisdictional allegation, nor can it demonstrate any such facts. For the reasons set forth herein, Liberty fails to satisfy the $75,000 jurisdictional requirement.

## THE LAW

"It is hornbook law that a plaintiff seeking relief in a federal court has the burden of alleging and proving the jurisdictional facts." Sligh v. Doe, 596 F.2d 1169, 1170 (4th Cir. 1979); see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991), cert. denied, 503 U.S. 984, 112 S. Ct. 1667 (1992). Therefore, whenever a defendant contests the facts regarding jurisdiction, "the court need not accept the allegations of the complaint as true . . . [but] may look behind the complaint and view the evidence to determine whether a controversy in fact exists." Energy Recovery, Inc. v. Hauge, 133 F. Supp. 2d 814, 821 (E.D. Va. 2000) (quoting Goodyear Tire & Rubber Co. v. Releasomers, Inc., 824 F.2d 953, 955 (Fed. Cir. 1987).

Where defendants challenge the validity of an allegation of subject matter jurisdiction, courts must weigh the pleadings and available evidence to determine whether subject matter jurisdiction exists. Allen v. College of William & Mary, 245 F. Supp. 2d 777, 782-783 (E.D. Va. 2003); Crutchfield v. United States Army Corps of Engineers, 230 F. Supp.2d 687, 695 (E.D. Va. 2002); Energy Recovery, Inc. v. Hauge, 133 F. Supp.2d 814, 816-17 (E.D. Va. 2000). The Court may consider evidence outside the pleadings. Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768.

## ARGUMENT

Defendants challenge the factual basis for Liberty's bald allegations of diversity jurisdiction in the Complaint. Although the allegations state a claim for breach of contract, the invocation of diversity jurisdiction must fail because Liberty cannot produce evidence to support it. Liberty's Complaint offers no explanation for its conclusory declaration that "[t]he amount in

controversy, excluding interests and costs, exceeds $75,000." (Complaint at ¶ 6.)  Liberty asserts no supporting facts because none exist.  Even if Liberty's theory of liability could be supported by the evidence, only a small fraction of the required amount could be demonstrated.

Liberty's only claim is for breach of contract, based on its theory that Rashid and Taxes Etc., Inc. diverted customers to a competing business.  Under the franchise agreement between the parties, Rashid and Taxes Etc., Inc. agreed to pay Liberty 19% of their gross receipts generated by the income tax filing franchise. (See Complaint at ¶ 65; Franchise Agreement at paragraph 4(d), Exhibit B to Declaration of Pecora (Docket Entry No. 9).)  Liberty alleges that it has been deprived of royalties because would-be customers of its Liberty franchise locations were diverted to a company called "Eagle Star Income Tax" ("Eagle Star").

"Eagle Star Income Tax" is an assumed name of BIAS Investments, Inc. ("BIAS"). (See certificate of assumed name, which is Attachment A to Anwer Affidavit, Exhibit 1.)  Even assuming as Liberty does that all business of Eagle Star/BIAS (per Anwer Affidavit, Exhibit 1, at ¶ 5), was re-directed to Eagle Star/BIAS from a remote Liberty franchise location, the $75,000 threshold requirement for diversity jurisdiction is not nearly met.  Liberty makes only one claim against Rashid and Taxes Etc., which is "Breach of Franchise Agreement" (Complaint at p. 12).  Liberty asks for enforcement of its contract, and its damage theory is limited to breach of contract, for deprivation of 19% royalties.  (Complaint at ¶ 65).  BIAS/Eagle Star's tax preparation, filing, and related activity have generated only $87,893.40 since inception.  (Anwer Affidavit, Exhibit 1 hereto, at ¶ 4.)  Nineteen percent of $87,893.40 is $16,699.75, which amount is approximately one-fifth of the necessary jurisdictional amount.

Further, though Liberty alleges that BIAS/Eagle Star shared its business location with Rashid and Taxes Etc. at 1215 Main Street in Pasadena, Texas, in fact BIAS operated four storefront locations through which it derived business for the 2007 tax season (the only season in

3

which it has operated).  Id. at ¶ 5.  None of these four locations were shared with Rashid and Taxes Etc., or were in the same building as any Liberty franchise location operated by Rashid and Taxes Etc.  Id.  Assuming that all BIAS/Eagle Star income would have been from Liberty customers is therefore exceedingly generous to Liberty's argument.

Though Liberty feigns ignorance of the entity for which Eagle Star Income Tax is an operating name – assuming therefore that Eagle Star Income Tax is a straw entity or assumed name identity of Rashid and Taxes, Etc. – the public records in the State of Texas and Liberty's own discovery in this matter belie its claims.  In fact, Eagle Star Income Tax is a registered assumed name of BIAS Investments, Inc.  (See Attachment A to Anwer Affidavit, Exhibit 1, filed herewith.)  Ahson Anwer, not Rashid or Rashid's wife, is BIAS's president and owner.  (See Anwer Affidavit, Exhibit 1, at ¶ 2.)  Liberty's document subpoenas to third parties in this matter request documents related to BIAS and Anwer, while its Complaint pretends that Rashid himself is doing business as Eagle Star Income Tax.  (See Complaint at ¶¶ 59-60; Exhibit 2 hereto, subpoena to Universal Tax Systems, Inc., a vendor to non-party BIAS.)

Liberty makes a passing reference to irreparable harm (Complaint at ¶ 70), but given that its Complaint only seeks damages for a discrete theory of breach of contract, simply invoking the words "irreparable harm" without any facts in support does nothing to push Liberty closer to a viable jurisdictional showing.  Liberty bears the burden of demonstrating the requisite facts in support of its assertion of jurisdiction.  Sligh, 596 F.2d at 1170; Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768.  Liberty cannot do so.

4

WHEREFORE, for the reasons set forth above, Defendants request that the Complaint be dismissed with prejudice for lack of subject matter jurisdiction, and award Defendants their costs incurred in this motion.

>BAHADUR ALI RASHID
>and TAXES, ETC., INC.
>
>
>        /s/ Christopher E. Gatewood
>Christopher E. Gatewood (VSB No. 45390)
>Luder F. Milton (VSB No. 71281)
>HIRSCHLER FLEISCHER, P.C.
>The Edgeworth Building
>2100 East Cary Street
>Post Office Box 500
>Richmond, VA  23218-0500
>Telephone No.:  (804) 771-9595
>Facsimile No.:  (804) 644-0957
>email: cgatewood@hf-law.com
>*Counsel for defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of November, I caused a true and correct copy of the foregoing document to be filed on the Court's ECF system, and to be served by United States Mail, postage prepaid, on Carl Kahlil, Esquire, and Vanessa Szajnoga, Esquire, Liberty Tax Service, 1716 Corporate Landing Parkway, Virginia Beach, Virginia 23454.

      /s/ Christopher E. Gatewood
Christopher E. Gatewood (VSB No. 45390)
Luder F. Milton (VSB No. 71281)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, VA  23218-0500
Telephone No.:  (804) 771-9595
Facsimile No.:   (804) 644-0957
email: cgatewood@hf-law.com
*Counsel for defendants*