%AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Georgia |
|---|---|---|

| JTH Tax, Inc. d/b/a Liberty Tax Service | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| Bahadur Ali Rashid, and Taxes Etc., Inc. | Case Number:[1] 2:07cv452 (Eastern District of VA) |

TO: Universal Tax Systems, Inc.
C/o any officer or managing agent
6 Mathis Drive, P.O. Box 2729
Rome, GA 30164-2729

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Please see Exhibit A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| JTH Tax, Inc. d/b/a Liberty Tax Service, 1716 Corporate Landing Parkway, Virginia Beach, Virginia 23454 | 11/2/2007 2:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Vanessa Szajnoga*, Corporate Counsel for Plaintiff | 10/24/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Vanessa Szajnoga, Esq., Corporate Counsel, JTH Tax, Inc. d/b/a Liberty Tax Service, 1716 Corporate Landing Parkway, Virginia Beach, Virginia 23454 (757) 493-8855.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**To:** Universal Tax Systems, Inc.
C/o any officer or managing agent
6 Mathis Drive
P.O. Box 2729
Rome, GA 30164-2729

Please produce copies of the following documents:

With respect to the following person(s) and tax preparation office address(es):
- Amna Rashid
- Amina Rashid
- Ahson Anwer
- Eagle Star Income Tax
- Eagle Star Tax Services
- BIAS Investments, Inc.
- 1215 Main Street, Pasadena, Texas 77506
- 9 Uvalde Rd., Suite A, Houston, Texas 77015

Please provide for the time period August 1, 2005 through the present:
 a. Any <u>notes</u> of conversations with anyone about the purchase of any services or materials provided by your company, or any support offered to any of the above persons or tax preparers;
 b. Any <u>purchase orders</u> for any purchases identifying what was purchased and the date of purchase, where the purchase was shipped and to whom the purchase was shipped;
 c. Any <u>service purchase orders</u> for these purchases identifying what services were tendered, to whom the services were tendered and the date that such services were tendered;
 d. Any <u>invoices</u> for these purchases;
 e. Any <u>proof of payment</u> for the purchases, such as a cancelled check or credit card slip; and
 f. Any <u>other files or documents</u> which you may have with respect to these purchases.

2. With respect to any electronic tax preparation filing services provided for the individuals or tax preparation services listed above, for the time period August 1, 2005 through the present, please provide:
 a. A list of all customer tax returns transmitted by this office including:
    a. The customers' first and last names
    b. The customers' addresses
    c. The last four digits of each customer's social security number
    d. The fees paid by each customer
    e. The type of product purchased or service rendered to each customer

b. Total revenues collected

You may comply with this subpoena by simply mailing or emailing these documents to:

Vanessa Szajnoga
Corporate Counsel
Liberty Tax Service
1716 Corporate Landing Parkway
Virginia Beach, Virginia 23454
Vanessa.Szajnoga@libtax.com

**Reimbursement of your reasonable costs and expenses in complying with this subpoena are assured.** You may simply enclose an invoice for your copying and postage costs with the documents when you send them. If you have any questions about this subpoena, please contact Vanessa Szajnoga at (800) 790-3863 ext. 8855 or Vanessa.Szajnoga@libtax.com. Thank you very much.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

JTH TAX, INC. d/b/a
LIBERTY TAX SERVICE,

        Plaintiff,

v.

                                        Civil No.: 2:07cv452

BAHADUR ALI RASHID, and
TAXES ETC., INC.,

        Defendants.

## NOTICE OF ISSUANCE OF SUBPOENA

PLEASE TAKE NOTICE that on this 24th day of October 2007, the undersigned caused the attached Subpoena in a Civil Case to be issued to:

Universal Tax Systems, Inc.
C/o any officer or managing agent
6 Mathis Drive
P.O. Box 2729
Rome, GA 30164-2729

                                  Respectfully submitted,

                                  JTH Tax, Inc. d/b/a Liberty Tax Service

                                  By: _____
                                          Vanessa M. Szajnoga

Vanessa M. Szajnoga, Esq. (VSB #71500)
*Counsel for Plaintiff*
JTH Tax, Inc. d/b/a Liberty Tax Service
1716 Corporate Landing Parkway
Virginia Beach, VA 23454
Telephone number: 757-493-8855
Fax number: 800-790-3863
Vanessa.Szajnoga@libtax.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October 2007, I mailed the document by U.S. mail to the following non-filing users:

Bahadur Ali Rashid
1215 Main St.
Pasadena, TX 77506

Taxes Etc., Inc.
c/o Robert Oberholtzer, Registered Agent
1803 Pease St., Suite # 200
Houston, TX 77003

*Vanessa Szajnoga*
Vanessa Szajnoga

Vanessa M. Szajnoga, Esq. (VSB #71500)
*Counsel for Plaintiff*
JTH Tax, Inc. d/b/a Liberty Tax Service
1716 Corporate Landing Parkway
Virginia Beach, VA 23454
Telephone number: 757-493-8855
Fax number: 800-790-3863
Vanessa.Szajnoga@libtax.com